IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Courtney Loos, | |
| Plaintiff, | |
| vs. | C.A. No. 20-cv-1107-MAB |
| The County of Perry, Illinois and James Campanella, in his individual capacity, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**Plaintiff's Motion to Compel Defendant The County of Perry to Answer Interrogatory 10**

Plaintiff moves to compel defendant Perry County to fully answer Interrogatory 10 with the information available to the party and for a related order affecting all discovery.

**I.    Introduction**

Defendant, a governmental agency, answered an interrogatory furnishing information available to its elected Board or the Board's members.

Under Rule 33(b)(1)(B), an interrogatory to a party that is a governmental agency must be answered by an officer or agent who furnishes the information available to the party.

The issue is whether defendant's answer, so limited, was sufficient under Rule 33(b)(1)(B).

**II.    Interrogatory 10**

**A.   Background to the interrogatory**

An Illinois statute governs the county public defender's salaries. The first two sentences of the one subsection provide: "[t]he State must pay 66 2/3% of the public defender's annual salary. If the public defender is employed full-time in that capacity, his or her salary must be at least 90% of that county's State's attorney's annual compensation." 55 ILCS 5/3-4007(b).

1

Until plaintiff forced the issue, when it came to plaintiff's salary, defendant followed the first sentence but not the second. Doc. 30, ¶ 24. That is, defendant sought reimbursement from the State for plaintiff's salary, but did not pay her 90% of what it paid the male state's attorneys. Plaintiff sued for discrimination. And since the sentences in the statute come one after the other, defendant's reason for ignoring the requirement could be relevant in proving unlawful motive.

In a discrimination case, the decision maker's motive can be key. See, e.g., *Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 461 (7th Cir. 2021). A first step in proving or rebutting the County's explanation for the decision-maker's motive is discovering when and how it found out about the salary requirement. See *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1909 (2020)(holding that contemporaneous explanations for action instill confidence that the reasons given are not simply convenient litigation position).

Thus, plaintiff asked defendant when and how it learned about each statutory requirement.

### B. Interrogatory 10 and Answer (Ex. 1 and 2)

**Interrogatory 10.** When and how did Perry County first learn that under Illinois law:

a. The State would reimburse the County for 66 2/3 % of the public defender's salary;
b. The State required the County to pay a full-time public defender 90% of the salary of the state's attorney?

**ANSWER:** Defendants County and Board Chair state that they don't remember an exact date of when they learned that the State would reimburse the County for 66 2/3% of the public defender's salary because the State did not always do so and the Board members had no role in pursuing the reimbursement. The Board increased the salary of Public Defender Mansfield in 2007 contingent upon the State reimbursing the County, but the State failed to do so and the Board had to reduce Mansfield's salary in 2010. (See County Defendants' document production for Resolutions regarding the Public Defender's salary in 2007 and 2010). Answering further, the Board learned of the requirement to pay a full-time public defender 90% of the state's

==attorney's salary in February 2019== when they passed the Resolution to increase Plaintiff's salary. (See County Defendants' document production for this Resolution). [highlighting supplied][1]

### III. Rule 33(b)(1)(B) requires defendant to provide information available to defendant

#### A. Under Rule 33(b)(1)(B), an officer must gather information

Rule 33(b)(1)(B) provides: [i]interrogatories must be answered: (A) by the party to whom they are directed; or (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.

The Rule contemplates no single person in an entity has first-hand knowledge of all the facts needed to answer interrogatories. *In re Folding Carton Antitrust Litigation*, 76 F.R.D. 417, 419 (N.D. Ill. 1977). Thus, the entity is to select an officer or employee "to gather and obtain from books, records, other officers or employees, or other sources, the information necessary to answer the interrogatories and sign them on behalf of the corporation itself." *Id.* Although the court in *In re Folding Carton* was referring to a corporate obligation, the Rule applies to corporations and government agencies alike.

Here, the officer defendant selected was Dallas Bigham. Ex. 2, p. 9.

#### B. Changing the method of discovery does not change defendant's obligation

At the hearing, someone mentioned plaintiff taking defendant's 30(b)(6) deposition to get the information plaintiff requested. Assuming that suggestion related to Interrogatory 10, changing the discovery method would not resolve the dispute about defendant's obligation

---

[1] Plaintiff served the interrogatories on only defendant Perry County even though, at the time, the Board Chair, in his official capacity was still a defendant. Perry County, though, answered the interrogatories, except the part of the interrogatory relating to the 90% requirement, beginning with "The County and Board Chair state."

3

to provide all information available to the party.[2]

First, under Rule 30(b)(6), defendant still must designate a representative to testify about the matters in the notice. Since Rule 33(b)(1)(B) obligated defendant to provide information available to defendant in answering Interrogatory 10, using a different method to discover the same information would make no difference in the outcome. In fact, if defendant can designate representatives with knowledge of the information plaintiff requested in Interrogatory 10 for a 30(b)(6) deposition, the information must already be available to defendant. Second, since absent a protective order, plaintiff can select her method of discovery, defendant should have answered the interrogatory. Fed.R.Civ.P. 26(c)(3).

## IV. Defendant violated Rule 33 to plaintiff's prejudice

### A. Defendant limited its answer based on information available to the Board yet incorporated documents showing information contrary to what it wrote

Defendant did not answer the interrogatory based on information available to the entire County. For example, for the 66 2/3% requirement, defendant stated it did not know the exact date of the 66 2/3% reimbursement requirement, claiming that Board members no role in the State's reimbursement. Thus, defendant explained away the information available to the party. And as for the 90% requirement, defendant stated only that "the Board" learned of the requirement in February 2019, when it passed the Resolution increasing plaintiff's salary.

### B. The limitation could prejudice plaintiff

By so limiting its answer, defendant could prejudice plaintiff in at least two ways. First, because plaintiff can prove discrimination with evidence that defendant's explanation is

---

[2] Plaintiff's counsel's recall of specific arguments at the zoom hearing is not precise; it is based some notes made while we were arguing.

4

"unworthy of credence," *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 147 (2000), if plaintiff can show that the County knew about the 90% requirement before February 2019, a jury could infer unlawful motive. But by limiting its answer about the 90% requirement to knowledge available to the *Board*, defendant left itself room to: (1) argue that plaintiff did not show the *County's* explanation was unworthy of credence and (2) offer affirmative evidence that people within the County—besides the Board—knew about the 90% requirement before February 2019.

Second, the limitation could prevent plaintiff from discovering affirmative evidence corroborating the inference of discriminatory motive. Let's say defendant had answered when the *County* first knew about the 90% requirement. And, hypothetically, the County first knew in 2016. That could be affirmative evidence of gender discrimination given that the County ignored the statutory requirement to pay women attorneys 90% of the state's attorney's salary while adhering to the statutory requirement for its male state's attorneys. Doc. 56, ¶¶ 26, 27.

V.   *Poshard* **covers the issues here**

During the hearing, plaintiff's counsel mentioned *Poshard v. Madison Cty.*, 3:19-cv-324-SMY-GCS, 2020 U.S. Dist. Lexis 162148 (S.D. Ill. Sept. 4, 2020). The order is already part of the record as defendants quoted it in support of their motion to dismiss. Doc. 39, p. 5.

The cases are similar. *Poshard* was an employment discrimination and retaliation case against a county government. The County had been responding to plaintiff's discovery requests based only on information available to its Board or with claims that the only documents it could provide were those available to the Board. See, e.g., *id.*, at 3-4, 31 (describing Requests 12 and 16). Thus, the order, while it covered a specific dispute also governed all discovery going forward. *Id.*, at 26.

Three main points from *Poshard* are relevant to this motion: (1) county boards are not entities apart from their respective counties; (2) the County could not resist *any* discovery claiming it was only the Board; and, (3) when plaintiff served discovery on Madison County, the County could not respond for only the "Board."

### A. Boards are not separate entities from the counties

Madison County's theory in limiting its responses was that when plaintiff sued the County, she really sued only the Board. The court rejected that position based on the Counties Code. *Id.*, at 6-13. This included rejecting the County's position that its limited responses were justified because the Code provided that the County was governed by its Board. *Id.*, at 9-12. Perry County has alluded to the Code in the discovery context.

The court held—as defendants here quoted in support of their motion to dismiss—county boards are not entities separate and apart from their respective counties. Doc. 39, p. 5, citing *Poshard*. That is the starting point for any claim that a county can answer based on information available on to its Board.

### B. Madison County could not avoid responding because other parts of the County had information

The court held that Madison County had the legal right to obtain the information plaintiff requested from the County as a whole, so it had to do so. *Id.*, at 15-16, 25. The ruling affected the entire case, with the court holding Madison County "may not resist or object to future discovery attempts by asserting the information is within the control of another County office, department, or sub-unit within Madison County." *Id.*, at 26. p. 19.

Likewise, Perry County cannot avoid discovery because some unit besides the Board has the information plaintiff requested.

### C. Madison County could not limit its answer to a request sent to the County

The court ruled on admissions responses in which Madison County provided information about only the Board. For example, plaintiff asked the County to admit that it had not trained a named individual in conducting a sexual harassment investigation. *Id.*, at 31. The County admitted only that "the Board" had not trained the individual. *Id.* The court held that the County could not unilaterally limit discovery and/or its responses to the Board. *Id.*, at 32.

Similarly, Perry County cannot unilaterally limit discovery responses to its Board or to information within the knowledge of Board members.

### VI. Defendant's inconsistency about who is answering prejudices plaintiff

Madison County claimed that it was only the Board for virtually all purposes—substantive and discovery. Thus, Judge Sison said he was ruling on only the discovery issue. *Id.*, at 25. In fact, it was because Madison County insisted it was only the Board for all purposes that plaintiff here filed the official capacity suit. Doc. 55, pp. 4-6. And here, defendants opposed the official capacity suit, citing and attaching *Poshard*, to claim there is but one entity. Doc. 39, p. 5. Defendant's claim that its attorney represents officers and former officers of the County other than the Board, dovetails with the holding there is only one entity, the County. Thus, defendant should be estopped from claiming the Board is distinct from the County.

But at the same time, with its answer to Interrogatory 10, defendant claims to be something less than the entire County. Defendant's inconsistency prejudices plaintiff. When defendant claims there is only one entity but, when answering under Rule 33(b)(1)(B), answers only for the Board, it looks like defendant means the Board is the entire entity. Since defendant must answer with information available to the County, she is asking the Court to rule, as the court did in

*Poshard*, that defendant must respond to all discovery based on information available to the County and not limit its responses to any subunit of the County.

## VII.   Conclusion

For the reasons stated in this motion, plaintiff asks the court to grant her motion and order defendant to: (a) fully answer Interrogatory 10 and (b) respond to all discovery based on information available to Perry County and, if necessary, supplement previous discovery responses consistent with this order.

/ s/ Ferne P. Wolf
Ferne P. Wolf
fw@silversteinwolf.com
SilversteinWolf, LLC
530 Maryville Centre Drive, Suite 460
St. Louis, MO 63141
314 744-4010/314 744-4026 (fax)

### Certificate of Service

I certify that on August 9, 2021, I filed this Motion with the Court using the ECF system through which a copy will be served on all counsel of record.

/ s/ Ferne P. Wolf